STATE *ex rel.* H. A. SWIFT, Relator, *v.* TREASURER OF STATE OF MISSOURI, Respondent.

1. *Revenue—Civil Officer—Penitentiary—Salaries.*—Except where special provision is otherwise made by the statutes, all claims against the State must be paid to the party to whom the claim is due. The warden of the Penitentiary is not authorized to demand and collect the sums due by the State to persons employed by him ; his contract with them, when approved by the inspectors, determines the amount of the salaries such persons are to receive from the State for services rendered.

2. *Revenue—Treasurer—Warrants.*—It is the province of the Treasurer to see that all warrants presented to him are drawn against the proper fund ; and drawn in such manner as to make them, when paid, vouchers to show conclusively to whom and for what services the public moneys have been paid out.

*Petition for Mandamus.*

*Krum, Decker & Krum* with *H. A. Clover,* for relator.

I. Inasmuch as the statute devolves the duty upon the warden of the Penitentiary to appoint the " deputy warden and other officers and servants of the Penitentiary" with the approval of the inspectors, and that approval having been given and the services for which this warrant in question was drawn having been rendered, and proper proofs and vouchers having been furnished the Auditor, it was competent and lawful for the Auditor to aggregate the amounts and draw one warrant in favor of the warden as was done in this case—G. S. 1865, §§ 13 & 15, p. 873.

· II. It appears that the warrant was drawn to pay employ-

ees of the Penitentiary for services actually rendered under the direction of the warden with the approval of the inspectors, and the Auditor had in his possession proper proofs and vouchers thereof at the time he drew this warrant. The State is fully protected against any claim for the same services.

III. It is not the province of the Treasurer to review the action of the Auditor, in this or any other case, if the warrant of the latter is in due form, drawn against the proper fund, and appears on its face to be for the payment of officers or employees of the State whose pay is to come out of the fund against which the warrant is drawn.

IV. The warden is the proper officer to certify the performance of services of all subordinate employees under his supervision, and especially those employed by him.

*Isaac T. Wise*, for respondent.

I. The statute evidently contemplates that each warrant on the Treasurer to be valid must show the precise object of the draft, and to whom or for what the money is paid—G. S. 1865, p. 873, § 16, & p. 173 § 2.

II. The Auditor's power to draw does not make it binding on the Treasurer to pay—State ex rel. Long v. Auditor, 38, Mo. 87.

FAGG, Judge, delivered the opinion of the court.

The question to be determined in this case arises upon a demurrer to the petition of the relator. The facts stated in the petition are therefore to be taken as confessed. A writ of mandamus is asked commanding the respondent as State Treasurer to pay the relator the sum of $7,831.80, that being the amount of a warrant by the State Auditor in favor of the relator as warden of the Penitentiary. This sum is alleged to be the aggregate amount of claims due and owing to the servants employed in the State Penitentiary on the first day of October, 1867. It is averred that the several claims of the servants aforesaid were filed and determined by agreement

made with the warden of the Penitentiary and approved by the inspectors as required by law. The amount of these claims being ascertained and allowed by the Auditor, the warrant was drawn upon the treasury payable out of any money therein appropriated for the pay of civil officers.

Sec. 16, ch. 221, Gen. Stat. 1865, after enumerating the officers of the Penitentiary for whom specific salaries are fixed, together with the precise amount of each, provides as follows: " and the other officers and servants shall receive such salaries as shall be agreed on between them and the warden, subject to the approval of the inspectors; the whole to be paid quarterly out of the treasury, out of the fund appropriated for the pay of civil officers."

By the 13th section of the same chapter the " other officers and servants " spoken of are required to be appointed by the warden and shall hold their offices during his pleasure and that of the inspectors. There is no express provision to be found anywhere in the statutes authorizing the warden to receive and disburse the money due to the servants and employees under his control. The authority given him to fix the amount of their wages by agreement, subject to the approval of the inspectors, does not change the character of the claim. When the services are performed according to the contract, the amount due therefor at the end of the quarter is a claim against the State in favor of the servant, and should be paid to him just as a quarter's salary is paid to each officer whose salary is fixed and determined by the law itself. In other words the contract with the warden is the method fixed by law for determining the amount of the servant's salary. Upon a careful examination of the law regulating the State treasury, our opinion is that in no case, unless otherwise specifically directed by the statute, ought a claim against the State to be allowed or paid except to the party to whom it is due.

These servants do not perform services for the warden but for the State; their claim for such services is not against him but against the State. It is true that, in auditing such claims,

there ought to be proper evidence of their correctness. The certificate of the warden as to his agreement with the servant, together with the amount of service actually rendered, might be very proper evidence to authorize the allowance of the claim ; but we would not intimate, in the absence of any express provision of law to that effect, that it should be considered conclusive.

It is the province of the Treasurer to see that all warrants presented to him are drawn against the proper fund, and drawn in such manner as to make them, when paid, such vouchers as will show conclusively to whom and for what services the public moneys have been paid out by him. This discretion must always be exercised in a just and sound manner. Whenever it is sought to be exercised in an arbitrary or oppressive manner, the courts will always interpose their authority to prevent it.

Our opinion upon the case stated is that the payment, of this warrant was properly withheld, and the peremptory writ of mandamus must be refused. The other judges concur.